[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants Cedarcrest Regional Hospital, the State of Connecticut and Thomas Tokarz have moved to dismiss this action, claiming that the court lacks subject matter jurisdiction because counts one and two do not state a claim under the Patients' Bill of Rights[1], and are, therefore, barred by the state's sovereign immunity, and that count three is also barred by sovereign immunity, since it alleges only negligent hiring of the defendant Samuel Bitar and continuing negligence as to his employment by these three defendants.[2]
Counts one and two both allege a course of conduct on the part of the defendant Bitar which involved sexual assault, sexual harassment and battering of the plaintiff, threats intended to keep her from reporting this conduct and the improper administration of medication. Most of this conduct is alleged to CT Page 16886 have occurred while she was a patient at Cedarcrest and he was a staff nurse charged with her care.
Count one alleges that these actions violated several sections of the patients' bill of rights; viz., § 17a-541, which provides that no patient "shall be deprived of any personal, property or civil rights . . . except in accordance with due process of law"; § 17a-542, which requires that every patient "shall receive humane and dignified treatment at all times, with full respect for his personal dignity and right to privacy", and § 17a-543, which requires the patient's informed consent for various procedures and the receipt of medication. Count two makes all of the same allegations, concluding that the defendants' violations of the patients' bill of rights constituted "violations of the civil rights" of the plaintiff.
The defendants Cedarcrest, the state and Tokarz[3] argue that these counts do not allege violations of the patients' bill of rights because (1) they are based only on the individual acts of an employee not on any officially approved, agency-wide practices and (2) they do not pertain to the treatment received by the plaintiff. Mahoney v. Lensink, 213 Conn. 548 (1990), is the controlling case, and I do not read it as narrowly as the defendants.
I begin with two premises endorsed by the Mahoney court. First, "(b)ecause the patients bill of rights is remedial in nature, its provisions should be liberally construed in favor of the class sought to be benefited". Id., 557. Second, the complaint must be construed "in the manner most favorable to sustaining its legal sufficiency". Id., 567.
In dealing with the right to "humane and dignified treatment", the Court was "unpersuaded" that the legislature "intended only a narrowly circumscribed guarantee of compassionate care". Id., 562. The Court found that the statute created a broad right in patients to individualized treatment, including "basic custodial care". Id., 565. A patient must prove, to be successful in a claim under this statute, "that the hospital failed initially to provide, or thereafter appropriately to monitor, an individual treatment suitable to [her] psychiatric circumstances". Id., 566. How could proof that an agent of the defendants acted in the abusive manner alleged in the complaint not meet the plaintiff's burden under this standard? CT Page 16887
Furthermore, in dealing with the statutory guarantee that "no patient . . . be deprived of any personal, property or civil rights", the Court again rejected too narrow a construction. Rather, it found a "constitutionally protected interest in the right to treatment and a safe environment" which "applies to all patients within state mental health facilities". Id., 571 (Emphasis added.)
 When a person has been institutionalized within a state mental health facility . . . the state voluntarily assumes a duty to provide treatment . . . under conditions of reasonable care and safety . . . and the patient acquires, by virtue of his hospitalization, a constitutionally protected liberty interest under 42 U.S.C. § 1983 in these obligatory services. Id., 571 (Citations omitted.)
It appears to be true, as claimed by the defendants, that the patients' bill of rights was passed in response to reports of institutional practices which infringed upon the rights of patients. There is nothing in Mahoney, however, which limits the protection afforded by the bill of rights to only officially sanctioned practices. This would seem to reflect the Court's appreciation that, in the isolated world of the psychiatric institution, patients are at least as exposed to violations of their rights by individual agents of the institution as by its approved policies and practices.
Moreover, the Court's opinion makes crystal clear the unremarkable proposition that an inherent part of "treatment" is a safe environment, one certainly free of the sexual importuning and assault alleged in this complaint.[4]
These defendants finally argue, with regard to counts one and two, that they do not allege the wilful and wanton state of mind required for proof of civil rights violations. Mahoney v.Lensink, supra, 213 Conn. at 572. The Mahoney defendants' actions in failing to restrict or control the patient so as to prevent his suicide were held sufficient "to allege such a degree of wanton neglect so as to state a cause of action for violation of [the] patient's rights". Ibid. It is difficult to imagine that the actions alleged here (see ¶¶ 4, 5 and 6 of the complaint) could not be considered wanton and wilful.
For all of these reasons the motion to dismiss counts one and CT Page 16888 two is denied. They sufficiently allege violations of the plaintiff's rights under the patients' bill of rights; therefore, the court has jurisdiction.
With regard to count three, it was agreed by plaintiff's counsel at argument that count three does not state a cause of action outside the state's sovereign immunity, as claimed by the defendants. Accordingly, count three is dismissed.
BY THE COURT
SHORTALL, J.